

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00238-CR
_____

KEVIN SHAWN OWEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 74,257-D-CR; Honorable Pamela C. Sirmon, Presiding

October 30, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In June 2018, pursuant to a plea agreement, Appellant, Kevin Shawn Owen, was

placed on deferred adjudication community supervision for three years for the offense of

possession of methamphetamine in an amount of one gram or less.[1]  He was also assessed a $500 fine.

In November 2018, the State moved to proceed with adjudication and alleged multiple violations of the conditions of community supervision.  The State amended its motion in February 2019, and a hearing was held on that motion.  At the hearing, Appellant, through his counsel, pleaded true to two of sixteen allegations.  Appellant was then asked by the trial court, "you're saying it's not all true, and you want a hearing?"  Appellant answered affirmatively.[2]  The State presented two witnesses and Appellant testified in his defense.  At the conclusion of the hearing, the trial court found some but not all of the allegations to be true, adjudicated Appellant guilty of the original offense, and sentenced him to one year in a state jail facility.  The trial court announced a "zero fine."  In presenting this appeal from the trial court's *Judgment Adjudicating Guilt*, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.  We affirm and grant counsel's motion to withdraw.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

[2] As appellate counsel notes, the trial court "never actually asked [Appellant] to enter a plea."

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

### BACKGROUND

Prior to being charged with the underlying offense, Appellant was already serving a period of community supervision for misdemeanor possession of marihuana. His continued drug use and failure to report to his supervision officer resulted in his case being transferred to the community supervision department's GPS case load.

The officer assigned to the GPS case load testified that Appellant was fitted for an ankle monitor and that the rules and regulations of wearing a monitor were explained to him. One of those rules requires an offender to maintain the charge on the monitor's

---

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

battery. Failure to do so constitutes a violation. According to the witness, on December 6, 2018, Appellant's GPS monitor was uncharged.

Appellant testified in his defense. He admitted that he failed to report to his supervision officer in December 2018, and he offered an inadequate explanation for failing to do so. Another condition of community supervision was that Appellant complete forty-eight hours of community service. Records showed only one and one-half hours completed but Appellant claimed he completed at least six hours—both being short of the required forty-eight hours.

The State also presented testimony from the community supervision department's data processor. She testified it was her responsibility to establish an offender's payment plan. According to her records, Appellant had not paid a lab fee of $180 and "nothing [had] been paid" toward community supervision fees. Appellant disputed that he had not made payments but did not provide any documentation to support his claim.

At the conclusion of the testimony, the trial court found Appellant had violated some but not all of the State's allegations. Appellant was adjudicated guilty of the original offense and sentenced to one year in a state jail facility.

### STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In a

4

revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The finding of a single violation of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

### ANALYSIS

By the *Anders* brief, counsel evaluates the different phases of the underlying proceedings as well as the sufficiency of the evidence and the effectiveness of trial counsel's representation. Counsel concludes reversible error is not presented in the record. However, she does note clerical errors in the trial court's judgment.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such

issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

### REFORMATION OF JUDGMENT

In evaluating the record, counsel directs this court to two errors in the *Judgment Adjudicating Guilt*. The summary portion of the judgment under the heading "<u>Plea to Motion to Adjudicate</u>" reflects a plea of "True." However, as counsel notes, Appellant contested all of the State's allegations.[5] Also, on page two of the *Judgment Adjudicating Guilt*, finding number (4) incorrectly lists the paragraphs in the amended motion to adjudicate that the trial court found Appellant had violated. The finding lists paragraphs "4B, 4C, 4D, 4E, 4F, 4G, 4H, 4I, 4J, 4K, 4L, 4M, 4N, 4O, & 4P." However, in its oral pronouncement, the trial court found that Appellant had violated only paragraphs 4I, 4J, 4K, 4L, and 4O.

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The

---

[5] At the commencement of the hearing, counsel for Appellant announced that Appellant was "willing to plead true to Allegations B and D" but the trial court never formally asked Appellant to enter his pleas to the State's allegations. Instead, he was asked to either agree with the motion to proceed or declare "it's not all true, and you want a hearing." Appellant chose to contest the allegations and proceed with a hearing.

power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. Thus, we modify the trial court's *Judgment Adjudicating Guilt* to reflect a plea of "Not true" in the summary portion of the judgment and to reflect violations of paragraphs 4I, 4J, 4K, 4L, and 4O in finding number (4) on page two of the judgment.

### CONCLUSION

As modified, the trial court's *Judgment Adjudicating Guilt* is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.